Michael Machat, Esq. SB#109475
MACHAT & ASSOCIATES, P.C.
8730 W. Sunset Blvd., Suite 250
West Hollywood, California 90069
Telephone: (310) 860-1833
Email:  michael@machatlaw.com

David A. Randall (SBN 156722)
dave@hdmnlaw.com
Ehab Samuel (SBN 228296)
esamuel@hdmnlaw.com
HACKLER DAGHIGHIAN MARTINO & NOVAK P.C.
10900 Wilshire Blvd., Suite 300
Los Angeles, CA 90024
Tel.: (310) 887-1333
Fax: (310) 887-1334

Attorneys for Plaintiff
Vampire Family Brands, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAMPIRE FAMILY BRANDS, LLC, | CASE NO. |
| Plaintiff, | **COMPLAINT FOR TRADEMARK INFRINGEMENT; UNFAIR COMPETITION; AND UNLAWFUL SALES OF  COUNTERFEIT LABELS** |
| vs. | |
| ZAZZLE INC, and DOES 1 – 20, | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff VAMPIRE FAMILY BRANDS, LLC hereby alleges and asserts:

## I.     **JURISDICTION AND VENUE**

1.     Plaintiff brings this action for injunctive relief and damages arising out of the unauthorized, unfair, and deceptive competitive practices of Defendants, and each of them, in connection with the commercial use and exploitation of trademarks in violation of the Lanham Act.

2.     This action arises under the Trademark Laws of the United States, including particularly, Section 43 of the Lanham Act, 15 U.S.C. §1125. Jurisdiction is conferred on this Court by 15 U.S.C. Section 1121(a), by 28 U.S.C. Section 1338(a), in that this case arises under the Trademark Laws of the United States, 15 U.S.C. Sections 1051, *et seq.*, and by principles of pendent jurisdiction. Venue is proper in this District under 28 U.S.C. §§ 1391(b).

## II.     **THE PARTIES**

3.     Plaintiff VAMPIRE FAMILY BRANDS, LLC ("VAMPIRE FAMILY BRANDS") is a Delaware Limited Liability Company with its main business office located in Los Angeles County, California.

4.     Defendant Zazzle Inc ("Zazzle") is upon information and belief, a California Corporation, based in California, doing business online throughout the United States, including within this district of California.

5.     Plaintiff does not know the true names or capacities of defendants named herein as DOES 1 through 20 inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will seek leave to amend this Complaint to allege the true names, capacities, and circumstances alleging the liability of said defendants at such time as the same is ascertained.  Plaintiff is informed and believes and, on that basis, alleges that each fictitiously named defendant is responsible in some manner for the occurrences herein alleged and that Plaintiff's

damages as herein alleged were   proximately caused by the conduct of such defendants.

6.     At all times herein mentioned, Plaintiff is informed and believes and based thereon alleges that, at all times herein mentioned, each of the defendants sued herein, were the agents, servants, employees or attorneys of their co-defendants, and in doing the things hereinafter alleged were acting within the purpose, course and scope of such agency and employment, and with the authority, permission, and consent of their co-Defendants.


### III.    FACTS GIVING RISE TO THIS ACTION

7.     Plaintiff VAMPIRE FAMILY BRANDS via its predecessors in interest has been marketing food and beverages under the following brand names for many years, including:  VAMPIRE (for wines – US Trademark Registration No. 2263907); DRACULA (for wine – US Trademark Registration No. 3319536); VAMPYRE (for Spirits – US Trademark Registration No. 3082097); VAMPIRE (for chocolate and coffee  - US Trademark Registration No. 3669827) VAMPIRE for Olive oil and Balsamic vinegar – US Trademark Registration No. 4776927); VAMP H20 (for Water – US Trademark Registration No. 3895288);  VAMPIRE (for Restaurant and Bar Services – US Trademark Registration No. 3978444); VAMPIRE (for Glass beverage-ware -- US Trademark Registration No. 3290011); and VAMPIRE TACO (for Tacos – US Trademark Registration No. 4939034).

8.     By virtue of its extended use in commerce, several of the aforementioned registrations have become incontestable, including its registration numbers 2263907, 3082097, 3290011, 3319536, 3669827, and 3978444.

9.     VAMPIRE FAMILY BRANDS also is the owner of the slogans TASTE OF IMMORTALITY and SIP THE BLOOD OF THE VINE, (TM

Registrations 3167606 and 3079403, respectfully.)  Both of these marks also have become incontestable.

10.    The origin of Vampire wine, and VAMPIRE FAMILY BRAND's claim of right goes back to 1988, when its founder released a French bottled Algerian Syrah under the brand name Vampire.  The first sale was to MCA Records and Alice Cooper, and the wine was promoted under the slogan, "Sip the Blood of the Vine."  Vampire Family Brand's predecessors in interest began to use the slogan "Taste of Immortality" by at least 1995, if not earlier.  Although the labels have changed over the years, along with the sourcing from Algeria to Italy to Transylvania and finally to Napa, the marketing has remained playful.

11.    However, as the source of the wine shifted from Transylvania, Romania to Napa, California, the marketing evolved to emphasize that the quality of the wine was actually extremely good, with Vampire wine having won numerous gold medals throughout the years and winning scores of 90 Points and higher.

12.    Plaintiff via its predecessors' in interest expanded its wine and spirits business into gourmet quality foods, including Vampire Fine Belgian Chocolate and Vampire Gourmet Coffee (US Reg. No. 3669827) and Vampire Gourmet Olive Oil and Vampire Gourmet Balsamic Vinegar (US. Reg. No. 4776927).

13.    Plaintiff is also the owner of the US Registration No. 5444375 for the word mark VAMPIRE for Pre-mixed alcoholic beverages, other than beer based, and Prepared Alcoholic Cocktails.  Plaintiff has a great tasting Gourmet Bloody Mary cocktail, that it markets as its Vampire Gourmet Bloody Mary Cocktail.

14.    Plaintiff's VAMPIRE family of brands are available for the world to see on its website VAMPIRE.COM, and Plaintiffs' family of VAMPIRE Brands have received coverage in various national magazines and newspapers, including Maxim, InStyle, Elle, Shape, Star Magazine, the New York Times, the LA Times,

the Houston Chronicle, The Star Tribune, The Chicago Sun Times, and many more.  In addition, Plaintiffs' VAMPIRE family of brands have been shown on various national television shows, such as The View with Oprah Winfrey, Anderson Cooper for approximately five minutes with Ashley Greene from Twilight fame, CNN Headline News, MTV's Viva La Bam, Food TV, and many more.

15.    In 2017 Plaintiff began selling Vampire Gourmet Bloody Mary Cocktails in a can which are designed to be the go-to ready to drink premixed Bloody Mary, perfect for busy bars, outdoor venues, picnics, and anyone on the go wanting a gourmet ready to drink Bloody Mary cocktail.

16.    Plaintiff also markets and sells wine branded as Dracula and has been doing so for more than a dozen years.  Plaintiff is the owner of US Trademark Registration No. 3319536 or Dracula for wine.

17.    Plaintiff's VAMPIRE wines have traditionally sold very well during the Halloween season.  For example, in 2016, 2017, and 2018 VAMPIRE wine was a top selling wine in Publix during the month of October.  VAMPIRE Cabernet and VAMPIRE Pinot Noir were the number 8 and 9 top selling red wines at Publix in October 2018--with the VAMPIRE Cabernet being the 4th bestselling cabernet in Publix during the month of October and VAMPIRE Pinot Noir being the 2nd bestselling Pinot Noir after Meiomi Pinot Noir.

**A.  The Obvious Intentional and Willful Infringement by defendants.**

18.    Approximately one week prior to the filing of this action, Plaintiff's associate noticed that when she Googled "vampire wine," counterfeit wine labels sold by defendants were displayed, prominently first by Google's search engine. Defendants counterfeit labels came up as a result of paid advertising.

19.    Plaintiff investigated and noticed that these paid ad results showing defendants counterfeit labels appeared in Los Angeles county as well as other parts

of the United States.  Plaintiff learned that Defendants are selling wine labels bearing Plaintiff's trademarks VAMPIRE and DRACULA, and they are also selling wine labels bearing the words Vampiro and Vlad Tepes as marks, where vampiro is Spanish for vampire and Vlad Tepes is known as "Dracula" in many parts of the world.

20.    On September 1, 2020, prior to this lawsuit being filed, counsel for Plaintiff complained to Defendants of their infringing actions.  Specifically, Zazzle's Officer, Secretary, and Vice President of Business Development, Melanie Sherk, received notice via voicemail on September 1, 2020 of the trademark infringement and unfair competition described herein.

21.    Later that same day, Zazzle's attorney, Adam Heller, called Plaintiff's in-house attorney, Michael Machat, and acknowledged the call and acknowledged understanding the issues at stake.  Plaintiff's counsel sent him a follow up cease and desist letter demanding that the offensive matters be taken down off the Zazzle website within 24 hours and that an accounting be provided.  Two days later, September 3, 2020, counsel spoke, and Defendants counsel was again reminded of the unlawful infringement and counterfeiting.  Defendants took no action even though removing a few products from a website should take no more than a few minutes.

22.    Zazzle refused to comply and refused to take down the infringing counterfeit matter, necessitating the filing of this lawsuit.

23.    It is fairly simple for a layman to go online to the USPTO website and search to see if a trademark has been registered.  Notwithstanding the notice of infringement, and learning of Plaintiff's registered trademarks, defendants refused to stop and continue to infringe.

24.    The typical excuse of "I didn't know" can no longer apply to Defendants, who once informed about Plaintiff and its portfolio of VAMPIRE and

related beverage brands, knew of Plaintiff's preexisting VAMPIRE family of marks, but nevertheless continued to infringe upon Plaintiff's marks selling counterfeit versions of Plaintiff's wine labels.

25.    Plaintiff markets its brands through a national network of wholesalers, and via the website: www.vampire.com.   Vampire wine sells for anywhere between $10 to $15 per bottle nationally at retail stores.   Vampire wine is also available in bars and restaurants on wine lists.

26.    Plaintiff and its associates have worked hard to insure that they put the best wine in the bottle as possible.   Over the last few years, Plaintiff's Vampire family of wines have received some great reviews and have won Gold Medals, including Gold Medals at the San Francisco Chronical Wine Competition for its Vampire Merlot, Vampire Cabernet Sauvignon, Vampire Pinot Noir, a Gold Medal and 92 Rating from the Los Angeles International Wine & Spirits Competition awarded to Vampire Cabernet Sauvignon, Gold Medals at the Texas International Rodeo Wine Competition, and 92 and 97 ratings for its highest end Trueblood Cabernet Sauvignon.

27.    Plaintiff has spent substantial amounts of time and money building up, advertising, and promoting its brands.   By virtue of the popularity of its brands, its advertising, promotion, and sales, plus the popularity of its websites, including vampire.com, Plaintiff has built up and owns extremely valuable goodwill which is symbolized by Plaintiff's various marks.

28.    Each of the defendants knew of Plaintiff's Vampire family of brands, including Vampire Wine, but decided to go ahead with their plans to advertise, market and sell counterfeit labels bearing the words Vampire or Dracula anyway, because they believed that they could get away with it and they wanted to make easy money capitalizing on Plaintiff's built up goodwill over the years.

29.     Defendants are encouraging consumers to purchase their counterfeit wine labels and apply them onto an inexpensive bottle of wine, so they can save money from buying an actual bottle of Vampire wine or Dracula wine.

30.     If defendants are not stopped from marketing wine labels with a name such as Vampire or Dracula (or Vampiro or Vlad Tepes) then consumers will be confused as to the source of origin of defendants' counterfeiting labels.

31.     Also, if defendants are not stopped from marketing labels with a name such as Vampire Wine or Dracula Wine (or Vampiro or Vlad Tepes), it is likely that consumers will become confused about the source and origin of Plaintiff's products, and   mistakenly conclude that Plaintiff's products are produced by or otherwise associated with Defendant Zazzle whose name appears in online searches in conjunction with Plaintiff's brand name VAMPIRE Wine.

## COUNT I

## VIOLATION OF LANHAM ACT 15 U.S.C. §1114

32.     Plaintiff repeats each allegation contained in paragraphs 1 through 31 as though set forth here at length.

33.     Defendants have committed trademark infringement of Plaintiff's trademarks in their deceptive marketing of beverage and/or beverage accessories, including labels, with a Vampire or Dracula or other similarly confusing name.

34.     Defendants have induced others to infringe Plaintiff's trademarks and trade names.

35.     Defendants have acted with bad intent and culpably in selecting using, and/or approving of the use of Plaintiff's trademarks in the distribution, marketing, promotion, advertisement, offering for sale, and/or sale of Vampire and Dracula and other similarly confusing wine labels.

36.     Without the knowledge or consent of Plaintiff, Defendants have marketed and sold in interstate commerce, and in commerce substantially affecting interstate commerce, beverage and/or beverage accessory products branded under the name Vampire or Dracula or other similarly confusing names, and continue to do so.  Defendants have promoted, advertised, offered for sale, and/or sold, beverage and/or beverage accessory products using the VAMPIRE mark or DRACULA mark through persons not authorized, employed by, or associated in any way with Plaintiff and have used the aforementioned trade names and trademarks as false designation and false representation for beverage and/or beverage accessory products.

37.     None of the activities alleged in this complaint have been authorized by Plaintiff, and such unauthorized use by Defendants of Plaintiff's trademarks and/or trade names in interstate commerce, commerce substantially affecting interstate commerce in this district, and elsewhere throughout the United States, constitutes infringement and an inducement to infringe Plaintiff's trademarks and/or trade names, and such activities are likely to cause confusion, mistakes, and to deceive the public at large.

38.     Upon information and belief, Defendants have acted with the unlawful purpose of:

        a.  Improperly taking advantage of the valuable goodwill belonging to Plaintiff;

        b.  Soliciting Plaintiff's customers and/or potential customers, attempting to sell, and selling to such customers and potential customers, beverage and/or beverage accessory products marketed under the VAMPIRE mark and DRACULA mark and other confusingly similar names to Vampire or Dracula through persons not authorized by, employed by, or associated in any way with

Plaintiff;

c. Inducing others to infringe Plaintiffs' trademarks and trade names; and

d. Causing the goods of persons not authorized by, employed by, or associated in any way with Plaintiff to be falsely represented as if they were rendered, authorized, sponsored by, endorsed by, or otherwise connected with Plaintiff and its licensed trademarks and trade names.

39.   Defendants' conduct, as alleged in this complaint, constitutes a violation of 15 U.S.C. § 1114.

40.   If Defendants are allowed to continue marketing and selling the accused product, Plaintiff  will be damaged as alleged in this complaint, and the Defendants will profit thereby.  Furthermore, unless the Court permanently enjoins Defendants' conduct as alleged in this complaint, Plaintiff's business, goodwill, and reputation will suffer irreparable injury of an insidious and continuing sort that cannot be adequately calculated and compensated in monetary damages.

41.   Defendants' aforementioned acts and conduct is being done willfully and with an intent to ride on, and/or step on and demolish, the goodwill Plaintiff has worked hard to develop.  Plaintiff is therefore entitled to treble damages arising therefore, as well as reimbursement of Plaintiff's attorneys' fees and costs.

42.   The intentional nature of defendants' acts makes this an exceptional case under 15 U.S.C. §1117(a).

43.   The intentional nature of defendants' acts and conduct makes this a case suitable for an award of Three Times Defendants' profits.

44.   Defendants' acts constitute willful counterfeiting subjecting them to additional damages and penalties.  Plaintiff reserves its right to elect to receive

statutory damages of $2,000,000 per mark per type of good sold pursuant to 15 U.S.C. § 1117 (c) (2).  Such election will be made closer to the time of trial.

## COUNT II

## VIOLATION OF LANHAM ACT 15 U.S.C. §1125(a)
### (Against All Defendants)

45.    Plaintiff repeats each allegation contained in paragraphs 1 through 44 as though set forth here at length.

46.    Defendants have engaged in, and continue to engage in, the wrongful exploitation of Plaintiff's registered Vampire and Dracula marks.

47.    Defendants' goods are so closely related to Plaintiff's goods that the public is likely to be confused, to be deceived, and to erroneously assume that Defendants' marketing and sale of their Vampire Wine Labels and Dracula Wine labels and other beverage and/or beverage accessory products as packaged, advertised and promoted, are those of Plaintiff, or that Defendants are in some way connected with, sponsored by, or affiliated with Plaintiff, all to Plaintiff's detriment and irreparable damage.

48.    Defendants are not affiliated with, connected with, endorsed by, or sponsored by Plaintiff.  Furthermore, Plaintiff has not approved any of the goods or services offered or sold by the Defendants.

49.    Defendants' aforesaid infringing conduct has been willful and with an intent to ride on, and/or step on and demolish, the goodwill Plaintiff has worked hard to develop.  Defendants' aforesaid infringing conduct has been willful and with knowledge that the sale, marketing, advertisement, and promotion of their beverage and/or beverage accessory products will hurt the prospects of future commercial success of Plaintiff's VAMPIRE family of brands, including its VAMPIRE and DRACULA brands.   Plaintiff is therefore entitled to treble

damages arising therefore, as well as reimbursement of Plaintiff's attorneys' fees and costs.

## COUNT III

## UNFAIR COMPETITION – COMMON LAW, AND CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200 et seq.

50.    Plaintiff repeats each allegation contained in paragraphs 1 through 49 as though set forth herein at length.

51.    Defendants has engaged in unfair competition perpetrated against Plaintiff by reason of the conduct alleged herein.

52.    The unlawful and unfair conduct is injuring the goodwill of Plaintiff.

53.    Defendants are each liable for the unfair competition, and/or are liable for aiding and abetting such conduct.

54.    By this conduct, Plaintiff  has directly suffered injuries and each Defendant has been unjustly enriched.

55.    Plaintiff is entitled to restitution, the recovery of damages, and the recovery of the profits earned by Defendants by virtue of their conduct.

56.    As a consequence of the unfair competition by Defendants, Plaintiff is suffering irreparable injury, by reason of which such conduct should be enjoined.

57.    Plaintiff is entitled to reasonable attorneys' fees.

58.    Plaintiff is informed and believes, and on that basis allege, that the aforementioned conduct of Defendants is willful, oppressive, fraudulent, and malicious, and Plaintiff is therefore entitled to punitive damages.

## COUNT IV

## <u>UNFAIR COMPETITION – COMMON LAW, CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17500 et seq.</u>

59.    Plaintiff repeats each allegation contained in paragraphs 1 through 58 as though set forth here at length.

60.    Defendants' use of the trade names and trademarks VAMPIRE and DRACULA  misrepresents the nature, characteristics, identity, and source or sponsorship of Defendants' goods, constitutes aiding and abetting liability for deceptive, untrue, and misleading advertising and therefore constitutes a violation of, inter alia, California Business and Professions Code §§17500 et seq. and California common law.

61.    Defendants' use of the trade name and trademark VAMPIRE and DRACULA and related trademarks are likely to deceive and will continue to deceive the consuming public. Defendants knew, recklessly disregarded, or reasonably should have known that such packaging, advertising, marketing, and promotion was untrue and/or misleading.

62.    As a result of the conduct described above, Defendants have been and/or will be unjustly enriched at the expense of Plaintiff and the general public. The interests of the general public and Plaintiff are, therefore, closely related.

63.    Defendants have been unjustly enriched, among other things, by the receipt of sales revenues from consumers who mistakenly thought that they were purchasing Plaintiff's VAMPIRE FAMILY of branded beverage-alcohol products or accessories, both in California and throughout the world, but instead were purchasing Defendants' goods which are promoted and sold through advertisements that affirmatively misrepresent, either directly or by implication, the nature, characteristics, identity, and source or sponsorship of the goods.

64.    Pursuant to Business and Professions Code §§ 17203 and 17535,

Plaintiff, on behalf of itself and the general public, which is unable effectively to assert its interests, seeks an order of this Court ordering Defendants immediately to cease such support for acts of unfair competition and false advertising, and enjoining Defendants from continuing to import or export, distribute, market, promote, advertise, offer for sale, and sell, Defendants' infringing beverage labels and/or  beverage accessory products that contain any of Plaintiff's trademarks (or names confusingly similar to Plaintiff's trademarks) which falsely advertise or conduct business via the unlawful, deceptive, unfair or fraudulent business acts and practices, and the untrue and misleading advertising complained of herein. Plaintiff additionally requests an order disgorging Defendants' ill-gotten gains and restitution of all monies wrongfully acquired by Defendants by means of their support of such acts of unfair competition and false advertising, damages, interest and attorneys' fees.

WHEREFORE, Plaintiff prays for judgment as follows:

1.     That the Court adjudge and decree that Defendants have falsely designated the origin of certain beverage and/or beverage accessory products as those of Plaintiff, have made and used false representations in connection with the sale, offering for sale, promotion and advertising of such products, and have unfairly competed with Plaintiff at common law.

2.     That the Court adjudge and decree that Defendants have infringed Plaintiff's registered trademarks, including those for VAMPIRE and DRACULA.

3.     That the Court permanently enjoin Defendants, its agents, servants, employees, attorneys, and all persons acting in concert or participation with them,

or with any of them from:

        a. Using VAMPIRE or VAMPIRE WINE or DRACULA, or any other word or words which are similar to, or a colorable imitation of, Plaintiffs' trade names and marks, (including VAMPIRO or Vlad Tepes) either alone, as part of, or together with, any other word or words, trademark, service mark, trade name, or other business or commercial designation in connection with the sale, offering for sale, advertising, and/or promotion of beverage products and beverage accessories;

        b. Selling, offering to sell, marketing, distributing, advertising and/or promoting any BEVERAGE product or BEVERAGE accessory or label with the words VAMPIRE or VAMPIRO or DRACULA or VLAD TEPES displayed on the product, its packaging, advertising or promotional materials;

        c. Representing directly or indirectly by words or conduct that any beverage product or beverage accessory offered for sale, sold, promoted, or advertised by Defendants, is authorized, sponsored by, endorsed by, or otherwise connected with Plaintiff;

        d. Aiding or abetting in unfair competition against Plaintiff;

        e. Aiding or abetting in false advertising; and

        f. Inducing others to engage in any of these aforementioned acts.

4. That the Court award an amount to be determined at trial but at least an amount equivalent to treble the amount of Defendants' illicit profits or Plaintiff's lost profits, whichever is greater.

5. That the Court award an additional amount to be determined at trial

sufficient to cover the costs of prospective corrective advertising, which amount is requested to be at least ten times the amount of advertising dollars spent by defendants.

6.      That the Court decree that the intentional nature of defendants' acts and conduct makes this a case suitable for an award of Three Times Defendants' profits.

7.       That the Court decree that defendants' acts constitute willful counterfeiting subjecting them to additional damages and penalties, allowing plaintiffs the opportunity to elect (closer to the time of trial) to receive statutory damages of $2,000,000 per mark per type of good sold pursuant to 15 U.S.C. § 1117 (c) (2).

8.      That the Court decree that the intentional nature of defendants' acts makes this an exception case under 15 U.S.C §1117(a).

9.      That the Court award Judgment against Defendants for the full costs of this action, including the attorney's fees reasonably incurred by Plaintiff.

10.    That the Court Order such other, further and different relief as the nature of this action may require and as the Court may deem just and proper.

11.    That the Court retain jurisdiction of this action for the purpose of enabling Plaintiff, in its discretion, to apply to this Court at any time for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any Order entered in this action, for the modification

of any such Order, for the enforcement of compliance therewith, and/or for the punishment of any violation thereof.

Respectfully submitted,

Dated:  September __5__, 2020          By: _Michael Machat_

Michael Machat, Esq. (SBN 109475)
michael@machatlaw.com
**MACHAT & ASSOCIATES, P.C.**
8730 W. Sunset Blvd., Suite 250
West Hollywood, California 90069
Tel.: (310) 860-1833

David A. Randall (SBN 156722)
dave@hdmnlaw.com
Ehab Samuel (SBN 228296)
esamuel@hdmnlaw.com
**HACKLER DAGHIGHIAN
MARTINO & NOVAK P.C.**
10900 Wilshire Blvd., Suite 300
Los Angeles, CA 90024
Tel.: (310) 887-1333
Fax: (310) 887-1334

Attorneys for Plaintiff
Vampire Family Brands, LLC

1
2
### DEMAND FOR JURY TRIAL

3      Plaintiff hereby requests a trial by jury on all issues raised by the Complaint.

4
5                                        Respectfully submitted,

6    Dated:  September  _5_ , 2020         By: _Michael Machat_

7                                        Michael Machat, Esq. (SBN 109475)
8                                        michael@machatlaw.com
                                         MACHAT & ASSOCIATES, P.C.
9                                        8730 W. Sunset Blvd., Suite 250
                                         West Hollywood, California 90069
10                                       Tel.: (310) 860-1833
11
12                                       David A. Randall (SBN 156722)
                                         dave@hdmnlaw.com
13                                       Ehab Samuel (SBN 228296)
14                                       esamuel@hdmnlaw.com
                                         HACKLER DAGHIGHIAN MARTINO
15                                       & NOVAK P.C.
16                                       10900 Wilshire Blvd., Suite 300
                                         Los Angeles, CA 90024
17                                       Tel.: (310) 887-1333
18                                       Fax: (310) 887-1334

19                                       Attorneys for Plaintiff
20
21
22
23
24
25
26
27
28